# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANK L. BACCARO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**APPROVED ROOFING LLC**, a New Jersey limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Frank L. Baccaro ("Plaintiff" or "Baccaro") brings this Class Action Complaint against Defendant Approved Roofing LLC ("Defendant" or "Approved Roofing"), to stop the Defendant's practices of sending unauthorized and unwanted fax advertisements, and to obtain redress and recover damages for all persons and entities similarly injured by Defendant's conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.  Defendant Approved Roofing is a New Jersey company which provides

1

commercial and industrial roofing solutions and services across multiple states throughout the U.S.

2. This case challenges Defendant Approved Roofing's practice of sending unsolicited advertisement to individual's fax machines.

3. The advertisements are sent to solicit the recipients to purchase Defendant's roofing services.

4. Defendant Approved Roofing sent the faxes at issue to Plaintiff Baccaro and the Class despite: (i) having no established business relationship with them; (ii) never receiving the recipients' consent to receive such faxes; and (iii) that none of the faxes sent contained requisite opt-out notices.

5. As such, Defendants' fax advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, and increased labor expenses.

6. Accordingly, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff Frank L Baccaro is a resident of Totowa, New Jersey.

8. Defendant Approved Roofing is a New Jersey limited liability company with its principal place of business in Nutley, New Jersey.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), a federal statute for which there is federal question jurisdiction.

10. The Court has personal jurisdiction over Defendant and venue is proper in this District because the Defendant resides in this District and wrongful conduct giving rise to this case was directed by the Defendants from and received by the Plaintiff in this District.

## COMMON ALLEGATIONS

11. Defendant Approved Roofing is a "full-service commercial roofing contractor" which provides commercial and residential roofing solutions to consumers "in the New Jersey, New York and the entire Tristate area"[1].

12. As part of an overall marketing plan to advertise their services, Defendant sends unsolicited faxes to consumers and businesses *en masse*.

13. Defendant sends the unsolicited advertisement material to get recipients to hire their roofing services.

---

[1] https://commercialrooftechs.com/about-us

14. In addition to sending unsolicited advertisement using fax messages, Defendant also intentionally fails to provide any mechanism to opt-out of receiving such advertisement via fax messages.

15. Other consumers have posted complaints about similar unsolicited fax messages from Defendant Approved Roofing:



- [2]
- [3]

---

[2] https://800notes.com/Phone.aspx/1-732-284-4555
[3] https://800notes.com/Phone.aspx/1-201-299-7979



16. Defendant sends these fax advertisements to individuals and businesses including those with which they have no existing business relationship, and without express invitation or permission, in violation of the TCPA.

17. Defendants used a telephone facsimile machine, computer, or other device to send the fax advertisements at issue.

**PLAINTIFF BACCARO'S ALLEGATIONS**

18. On May 9, 2022, at 9:42 AM, Defendant Approved Roofing used a telephone facsimile machine with the phone number, 828-307-0445, to send an unsolicited fax advertisement to Plaintiff Baccaro's fax machine. (A true and

---

[4] https://www.reportedcalls.com/9735031234
[5] https://whocallsme.com/Phone-Number.aspx/2012997979

accurate copy of the fax advertisement is attached hereto as Exhibit A).

19. The unsolicited fax advertisement was sent to induce Plaintiff Baccaro to purchase Defendant's roofing services. It also stated that the Plaintiff would receive "larger discounts than normal". And the fax message contained Defendant's phone numbers 732-284-4555 and 973-503-1234, and Defendant's website address: www.commercialRooftechs.com.

20. In this fax message, Defendant Approved Roofing failed to provide any domestic phone number, or any other mechanism, through which the recipients could opt-out of receiving such future solicitations from Defendant.

21. The fax advertisement failed to provide the required opt-out notice mandated by 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 54.1200(a)(4)(iii)-(iv). Specifically, the fax failed to contain language that identified a facsimile number and telephone number for fax recipients to transmit their opt-out requests.

22. Plaintiff did not provide permission to Defendant to send it fax advertisements, or any faxes at all.

23. Plaintiff has never been a customer of Defendant, nor has it ever been interested in being a customer of Defendant.

24. The fax occupied Plaintiff's fax line, making it unavailable for legitimate communications, and used Plaintiff's paper and ink from his fax machine.

25. Plaintiff and all members of the Class, defined below, have been

6

harmed by the acts of Defendant because their privacy has been violated, they were subjected to annoying and harassing faxes that constituted a nuisance, their fax lines were rendered unavailable for lawful communications, and their ink and toner were converted.

## CLASS ACTION ALLEGATIONS

26. **Class Definitions:** Plaintiff Baccaro brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of Class of similarly situated individuals as follows:

> **Unsolicited Fax Message Class:** All persons and entities to whom: (a) Defendant and/or a third party acting on Defendant's behalf sent one or more faxes; (b) advertising Defendant's services (c) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

27. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following

appropriate discovery.

28.     **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

29.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then they violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct.

30.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a)   How Defendant gathered, compiled, or obtained fax numbers of Plaintiff and the Class;

   b)   Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

   c)   Whether Defendant sent the fax advertisements without first obtaining prior express permission or invitation from Plaintiff

and the Class to do so; and

d) Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendant's actions.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

32. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual

prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff Baccaro and the Unsolicited Fax Message Class)

34. Plaintiff incorporates and realleges the prior paragraphs of this complaint as if fully set forth herein.

35. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

36. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

37. The fax sent by Defendant advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's fax is an advertisement under the TCPA.

38. Defendant sent the facsimile advertisements at issue to Plaintiff and other members of the Class without their prior express invitation or consent, and despite the lack of an existing business relationship between them and members of the Class.

39. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the Class without their prior express invitation or permission, Defendant violated 47 U.S.C. § 227(b)(1)(C).

40. As a result of Defendant's conduct, Plaintiff and the members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

41. Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

42. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and

the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER

WHEREFORE, Plaintiff Baccaro, on behalf of himself and the Class, prays for the following relief:

a. An order certifying the Class as defined above, appointing Plaintiff Baccaro as the representative of the Class, and appointing his counsel as Class Counsel;

b. An order declaring that Defendant's actions, as set out above, violate the TCPA;

c. An order declaring that Defendant's fax message constitutes an unsolicited advertisement, that it lacked the required opt-out language, and that Defendant sent the fax without first obtaining prior express invitation or permission, and enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

d. An award of statutory damages;

e. An award of pre-judgement interest and costs; and

f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**FRANK L. BACCARO** individually and on behalf of all others similarly situated,

Dated: August 4, 2022

By: /s/ Stefan Coleman
Stefan Coleman
law@stefancoleman.com
Law Offices of Stefan Coleman
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946


Avi R. Kaufman*
kaufman@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the Class*

\* *Pro Hac Vice* Admission to Be Sought

# EXHIBIT A

# APPROVED ROOFING

## Storm Emergency Services Available

  

## FLAT ROOF SPECIALIST

*ATTN: Business Owners / Maintenance Management*

Ask About Our Rubber Roof Special

**New 10 year roofs staring at $1.00 sq ft**

## COMMERCIAL & INDUSTRIAL FLAT ROOF SPECIALISTS

All types of Roofing • New Roofs • Re-Roofs • Repairs

- TPO Thermal Plastic Heat Weld
- Rubber Single-Ply Roof
- SBS Modified Roofing System
- Modified Bitumen-Torchdown
- Built Up Roofing – Hot Tar & Gravel
- Coatings & Repairs
- Foam Roofing
- Emergency Services
- Hydro-Stop™ Liquid
- Standing Seam Metal
- EPDM Roofing

- Leak Repairs
- 24 hr Emergency Service
- Family Owned & Operated
- Wholesale Pricing
- Quality Workmanship
- All Work Guaranteed
- References Available
- Fast Free Estimates
- No Job To Big Or Small

*A Reputation Built on Quality Work*

**Free Estimates**

www.commercialRooftechs.com

## (973) 503-1234     (732) 284-4555

**Due to the Corona virus and the current state of affairs, we are currently offering LARGER DISCOUNTS than normal. If you need roof work, Now is the time to save BIG. Please Call for details.